**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

[redacted] 05 201 T

ALLYN REYNOLDS :<br>
:<br>
VS. :<br>
: CA. No. 05-<br>
FLUOR INDUSTRIAL SERVICES, :<br>
INC., d/b/a M&IS SECURITY, FLUOR :<br>
ENTERPRISES, INC. AND LOUIS F. :<br>
WARD, Individually :

## COMPLAINT

## I. NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the State Fair Employment Practices Act, the State Civil Rights Act of 1990, the State Act regarding Civil Rights of People with Disabilities, and the Americans with Disabilities Act. Plaintiff, Allyn Reynolds, seeks compensatory damages, punitive damages, equitable relief, and costs and attorneys' fees as a result of sexual harassment, gender discrimination, and discrimination on the basis of a perceived disability during the course of her employment by Defendants.

## II. PARTIES

2. Plaintiff, Allyn Reynolds, is now and at all times pertinent hereto has been, a resident of the State of Rhode Island and a citizen of the United States.

3. Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security is now and at all times pertinent hereto has been a Delaware corporation licensed to do business within the State of Rhode Island as a foreign corporation and having its principal place of business in Aliso Viejo, California.

4. By information and belief, Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security is now and at all times pertinent hereto has been a division of Defendant Fluor Enterprises, Inc., a California corporation licensed to do business within the State of Rhode Island as a foreign corporation and having its principal place of business in Aliso Viejo, California.

5. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. at all times pertinent hereto contracted with Clariant Corporation in the Town of Coventry, County of Kent, State of Rhode Island to perform security services for Clariant Corporation at its plant in Coventry, Rhode Island.

6. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. at all times pertinent hereto have employed fifty (50) or more employees. At all times pertinent hereto, the aforementioned Defendants employed approximately twelve (12) employees in the State of Rhode Island.

7. Plaintiff, Allyn Reynolds, is a female.

8. Defendant Louis F. Ward, at all times pertinent hereto, was a resident of the State of Rhode Island and was employed by Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security in the State of Rhode Island. By information and belief, Defendant Louis F. Ward is now a resident of the State of Florida.

9. Defendants, FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security; Fluor Enterprises, Inc.; and Louis F. Ward, are all employers as defined by R.I.G.L. §28-5-6(7), 42 U.S.C. §2000e(b), and 42 U.S.C. §12111, and were engaged in a business affecting commerce.

10. At all times pertinent hereto, Defendant Louis F. Ward was acting

as an agent of Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. and was further acting within the scope of his employment.

11. Plaintiff, Allyn Reynolds, is a disabled person as defined by RIGL §28-5-6(4), RIGL §42-87-1(7) & (4) and as defined by 42 U.S.C. §12102, in that she was regarded by Defendants as having a disability.

12. Defendants, Fluor Industrial Services, Inc., d/b/a M&IS Security; Fluor Enterprises, Inc.; and Louis F. Ward, were, at all times pertinent hereto, doing business within the State of Rhode Island.

## III. JURISDICTION

13. Plaintiff, Allyn Reynolds, filed a Charge of Discrimination with the Rhode Island Commission for Human Rights on or about March 11, 2004. Her charge of discrimination was co-filed with the Equal Employment Opportunity Commission. A copy of Plaintiff, Allyn Reynold's, Charge of Discrimination is attached hereto as Exhibit "A" and by reference incorporated herein.

14. On or about February 9, 2005, Plaintiff, Allyn Reynolds, received a Notice of Right to Sue issued by the Rhode Island Commission for Human Rights. A copy of this notice is attached hereto as Exhibit "B" and by reference incorporated herein.

15. On or about February 12, 2005, Plaintiff, Allyn Reynolds, received a Notice of Right to Sue issued by the Equal Employment Opportunity Commission. A copy of this notice is attached hereto as Exhibit "C" and by reference incorporated herein.

16. Plaintiff, Allyn Reynolds, brings this action pursuant to 42 U.S.C. §12101 et seq., the Americans with Disabilities Act; 42 U.S.C. §2000e, et seq., Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; R.I.G.L. §28-5-1, et

seq, the State Fair Employment Practices Act (hereinafter FEPA); R.I.G.L. §42-87-1, et seq, Civil Rights of People With Disabilities; and R.I.G.L. §42-112-1, et seq, the Rhode Island Civil Rights Act of 1990. Plaintiff, Allyn Reynolds, invokes the jurisdiction of this Court pursuant to the aforementioned statutes, as well as 28 U.S.C. §1331, 1332, & 1367. Venue is proper in this Court.

## IV. SUMMARY OF FACTS

17. On or about July 2, 2003, Plaintiff, Allyn Reynolds, was hired by Defendant Louis F. Ward to work as a security officer on the premises of Clariant Corporation as an employee of Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security.

18. From the time she was hired on or about July 2, 2003, until the time she was terminated by Defendant Louis F. Ward on or about October 3, 2003, Plaintiff, Allyn Reynolds, was subjected to unwelcome and offensive verbal sexual harassment by Defendant Louis F. Ward, who was her immediate supervisor, with the power to hire, fire, and assign job duties and responsibilities to her. Defendant Louis F. Ward's sexual harassment occurred on a daily basis and created a hostile work environment for Plaintiff, Allyn Reynolds.

19. During the entire course of her employment by Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security, as described above, Defendant Louis F. Ward required Plaintiff, Allyn Reynolds, to perform duties at work that were not required of male employees.

20. At the time Defendant Louis F. Ward hired Plaintiff, Allyn Reynolds, to work for Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security, Plaintiff notified him that she suffered from severe arthritis, which substantially limited and continues to limit one (1) or more of her major life activities. Notwithstanding her disability, Plaintiff, Allyn Reynolds, was able to perform the essential duties of her job without accommodation, was qualified to

perform the essential duties of her job, and did perform said duties in a satisfactory manner.

21. Despite his knowledge of her disability, and because of his knowledge of said disability, Defendant Louis S. Ward forced Plaintiff, Allyn Reynolds, to engage in job-related duties that were not required of other employees and that did and were designed to exacerbate her physical symptoms and limitations.

22. When Plaintiff, Allyn Reynolds, complained to Defendant Louis F. Ward about this discriminatory behavior towards her and the offensive sexual comments made to her and in her presence, he threatened her job and retaliated against her, both verbally and in the terms and conditions of her employment.

23. As a result of all of the aforementioned, Plaintiff, Allyn Reynolds, began suffering from extreme stress, which caused physical symptoms, including fatigue, inability to sleep, etc. Consequently, she became extremely overtired; and on or about October 3, 2003, she fell asleep on the job for several minutes. Despite the fact that no prior disciplinary action had ever been taken against her and despite the fact that male employees would routinely sleep while on duty, Plaintiff, Allyn Reynolds, was immediately terminated from her position as an employee of Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security by Defendant Louis F. Ward and his supervisor.

24. The actions of Defendant Louis F. Ward, as described above, created a hostile work environment for Plaintiff, Allyn Reynolds.

25. The sexual harassment and retaliatory actions taken against Plaintiff, Allyn Reynolds, would not have occurred and/or continued but for the negligent, and recklessly indifferent policies, practices, hiring, supervision, management, actions and omissions of Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc.

26. The harassing and retaliatory actions taken against Plaintiff, Allyn Reynolds, were taken by an agent of Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc., who had actual and apparent authority over Plaintiff and over the terms and conditions of her employment and who had the power to affect and alter her tangible and intangible job benefits and who did, in fact, act in a manner detrimental to her tangible and intangible job benefits.

27. As a proximate result of Defendants' actions and inactions, Plaintiff, Allyn Reynolds, has suffered and continues to suffer lost wages, medical expenses, lost job opportunities, emotional and physical pain, suffering and humiliation, emotional distress, inability to carry on normal activities, and physical symptoms.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

DISCRIMINATION BECAUSE OF SEX BY DEFENDANT FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

28. Paragraphs one (1) through twenty seven (27) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

29. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. committed unlawful employment practices and discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment because of her sex in violation of R.I.G.L. §28-5-7 (1).

30. Defendant FLUOR INDUSTRIAL SERVICES INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**SECOND CAUSE OF ACTION**

DISCRIMINATION BECAUSE OF SEX BY DEFENDANT LOUIS F. WARD IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

31. Paragraphs one (1) through thirty (30) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

32. Defendant Louis F. Ward who was, at all times pertinent hereto, acting in the interest of Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc., committed unlawful employment practices and discriminated against Plaintiff, Allyn Reynolds, with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment because of her sex in violation of R.I.G.L. §28-5-7 (1).

33. Defendant, Louis F. Ward, intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**THIRD CAUSE OF ACTION**

DISCRIMINATION ON THE BASIS OF DISABILITY BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

34. Paragraphs one (1) through thirty three (33) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

35. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. committed unlawful employment practices and discriminated against Plaintiff, Allyn Reynolds, with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or

indirectly related to her employment because of her disability or because she was regarded as having a disability in violation of R.I.G.L. §28-5-7.

36. Defendants FLUOR INDUSTRIAL SERVICES INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**FOURTH CAUSE OF ACTION**

DISCRIMINATION ON THE BASIS OF DISABILITY BY DEFENDANT LOUIS F. WARD IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

37. Paragraphs one (1) through thirty six (36) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

38. Defendant Louis F. Ward, acting in the interest of his employer, Defendants FLUOR INDUSTRIAL SERVICES INC., d/b/a M&IS Security and Fluor Enterprises, Inc., committed unlawful employment practices and discriminated against Plaintiff, Allyn Reynolds, with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment because of her disability or because she was regarded as having a disability in violation of R.I.G.L. §28-5-7.

39. Defendant Louis F. Ward, acting in the interest of his employer, Defendants FLUOR INDUSTRIAL SERVICES INC., d/b/a M&IS Security and Fluor Enterprises, Inc., intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**FIFTH CAUSE OF ACTION**

DISCRIMINATION ON THE BASIS OF DISABILITY BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND

FLUOR ENTERPRISES, INC. IN VIOLATION OF AN ACT PERTAINING TO CIVIL RIGHTS OF PEOPLE WITH DISABILITIES, R.I.G.L. §42-87-1, ET SEQ.

40. Paragraphs one (1) through thirty nine (39) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

41. Defendants FLUOR INDUSTRIAL SERVICES INC., d/b/a M&IS Security and Fluor Enterprises, Inc. were, at all times pertinent hereto, doing business within the State of Rhode Island.

42. Defendants FLUOR INDUSTRIAL SERVICES, INC. d/b/a M&IS Security and Fluor Enterprises, Inc. committed unlawful employment practices and discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment and with respect to her job assignments because of her disability and/or because she was regarded as having a disability in violation of R.I.G.L. §42-87-3.

43. Defendants FLUOR INDUSTRIAL SERVICES, INC. d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

## SIXTH CAUSE OF ACTION

DISCRIMINATION BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. ON THE BASIS OF SEX IN VIOLATION OF CIVIL RIGHTS ACT OF 1990, R.I.G.L. §42-112-1, ET SEQ.

44. Paragraphs one (1) through forty three (43) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

45. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. have denied to Plaintiff, Allyn Reynolds, the full

and equal benefits of her employment relationship and have instead discriminated against her with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment on the basis of her sex in violation of R.I.G.L. §42-112-1, et seq.

46. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**SEVENTH CAUSE OF ACTION**

DISCRIMINATION BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC., D/B/A/ M&IS SECURITY AND FLUOR ENTERPRISES, INC. ON THE BASIS OF DISABILITY IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1990, R.I.G.L. §42-112-1, ET SEQ.

47. Paragraphs one (1) through forty six (46) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

48. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. have denied to Plaintiff, Allyn Reynolds, the full and equal benefits of her employment relationship and have instead discriminated against her with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment on the basis of her disability in violation of R.I.G.L. §42-112-1, et seq.

49. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**EIGHTH CAUSE OF ACTION**

DISCRIMINATION BY DEFENDANT LOUIS F. WARD ON THE BASIS OF DISABILITY IN VIOLATION OF AN ACT PERTAINING TO CIVIL RIGHTS OF PEOPLE WITH DISABILITIES, R.I.G.L. §42-87-1, ET SEQ.

50. Paragraphs one (1) through forty nine (49) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

51. Defendant Louis F. Ward committed unlawful employment practices and discriminated against Plaintiff, Allyn Reynolds, with respect to the terms, conditions, and privileges of her employment and with respect to her job assignments because of her disability and/or because she was regarded as having a disability in violation of R.I.G.L. §42-87-3.

52. Defendant Louis F. Ward intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

## NINTH CAUSE OF ACTION

RETALIATION BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC. D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

53. Paragraphs one (1) through fifty two (52) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

54. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. retaliated against Plaintiff, Allyn Reynolds, as a result of her complaints of sexual harassment to Defendant Louis F. Ward in violation of R.I.G.L. §28-5-7(5).

55. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff,

Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**TENTH CAUSE OF ACTION**

DISCRIMINATION BY DEFENDANT, LOUIS F. WARD, ON THE BASIS OF SEX IN VIOLATION OF CIVIL RIGHTS ACT OF 1990, R.I.G.L. §42-112-1, ET SEQ.

56. Paragraphs one (1) through fifty five (55) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

57. Defendant Louis F. Ward has denied to Plaintiff, Allyn Reynolds, the full and equal benefits of her employment relationship and has instead discriminated against her with respect to the terms, conditions, and privileges of her employment, and with respect to other matters directly and/or indirectly related to her employment on the basis of her sex in violation of R.I.G.L. §42-112-1, et seq.

58. Defendant Louis F. Ward intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**ELEVENTH CAUSE OF ACTION**

DISCRIMINATION BY DEFENDANT LOUIS F. WARD ON THE BASIS OF DISABILITY IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1990, R.I.G.L. §42-112-1, ET SEQ.

59. Paragraphs one (1) through fifty eight (58) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

60. Defendant Louis F. Ward has denied to Plaintiff, Allyn Reynolds, the full and equal benefits of her employment relationship and has instead discriminated against her with respect to the terms, conditions, and privileges of her employment,

and with respect to other matters directly and/or indirectly related to her employment on the basis of her disability in violation of R.I.G.L. §42-112-1, et seq.

61. Defendant Louis F. Ward intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**TWELFTH CAUSE OF ACTION**

RETALIATION BY DEFENDANT LOUIS F. WARD IN VIOLATION OF FEPA, R.I.G.L. §28-5-1, ET SEQ.

62. Paragraphs one (1) through sixty one (61) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

63. Defendant Louis F. Ward retaliated against Plaintiff, Allyn Reynolds, as a result of her complaints of sexual harassment to him in violation of R.I.G.L. §28-5-7(5).

64. Defendant Louis F. Ward intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily protected rights and with malice and ill will.

**THIRTEENTH CAUSE OF ACTION**

DISCRIMINATION BECAUSE OF SEX BY DEFENDANT FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e ET SEQ.

65. Paragraphs one (1) through sixty four (64) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

66. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS

Security and Fluor Enterprises, Inc. committed unlawful employment practices and discriminated against Plaintiff, Allyn Reynolds, with respect to the terms, conditions, and privileges of her employment because of her sex and in violation of 42 U.S.C. §2000e, et seq., by the sexual harassment of Plaintiff and the discriminatory treatment of Plaintiff by Defendant Louis F. Ward, a supervisor who was acting as an agent of his employer and who had the authority to affect the terms and conditions of Plaintiff's employment and who did in fact affect those terms and conditions of her employment; by their failure to provide an effective means for Plaintiff to report said harassment and discriminatory treatment; by their failure to prevent and/or remedy a hostile and offensive work environment of which they had actual knowledge or which, in the exercise of reasonable care, they should have had knowledge; and/or by their failure to supervise and train Defendant Louis F. Ward with regard to sexual harassment and gender discrimination.

67. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. intentionally discriminated against Plaintiff and did so with callous and reckless indifference to her statutorily protected rights and with malice and ill will.

## FOURTEENTH CAUSE OF ACTION

DISCRIMINATION ON THE BASIS OF DISABILITY BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC., D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF 42 U.S.C. §12101 ET SEQ.

68. Paragraphs one (1) through sixty seven (67) of Plaintiff's Complaint are incorporated herein by reference and made a part hereof.

69. Defendants FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security and Fluor Enterprises, Inc. discriminated against Plaintiff, Allyn Reynolds, by denying her the full and equal benefit of the laws and by the discriminatory actions taken against her by their agent, Defendant Louis F. Ward, because she was regarded as having a disability.

70. Defendants intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily Protected rights and with malice and ill will.

**FIFTEENTH CAUSE OF ACTION**

RETALIATION BY DEFENDANTS FLUOR INDUSTRIAL SERVICES, INC. D/B/A M&IS SECURITY AND FLUOR ENTERPRISES, INC. IN VIOLATION OF 42 U.S.C. §2000e ET SEQ.

71. Paragraphs one (1) through seventy (70) of Plaintiff's Complaint are incorporated by reference and made a part hereof.

72. Defendants FLUOR INDUSTRIAL SERVICES, INC. d/b/a/ M&IS Security and Fluor Enterprises, Inc. retaliated against Plaintiff, Allyn Reynolds, through the actions of their agent and servant, Defendant Louis F. Ward, as a result of her complaints of sexual harassment to Defendant Louis F. Ward in violation of 42 U.S.C. §2000e et seq.

73. Defendants intentionally discriminated against Plaintiff, Allyn Reynolds, and did so with reckless and callous indifference to her statutorily Protected rights and with malice and ill will.

WHEREFORE, Plaintiff, Allyn Reynolds, prays that this Honorable Court grant her judgment against Defendants, Fluor Industrial Services, Inc., d/b/a M&IS Security, Fluor Enterprises, Inc., and Louis F. Ward, jointly and severally, as follows:

1. Back pay and benefits;

2. Front pay and/or reinstatement and benefits;

3. Compensatory damages in an amount sufficient to make her whole, at least $500,000;

4. Punitive damages of $1,000,000;

5. Pre-judgment interest;

6. Attorneys fees, expert witness fees, and other litigation expenses;

7. Such other and further relief as this Honorable Court deems just and the circumstances of the case require.

Plaintiff, Allyn Reynolds,
By and through her Attorney,

Sandra A. Lanni

Sandra A. Lanni, Esquire, #2147
33 College Hill Road, Suite 20D
Warwick, RI 02886
(401) 822-1800 Telephone
(401) 822-1879 Telefax

**PLAINTIFF HEREBY NAME SANDRA A. LANNI AS TRIAL COUNSEL**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

**Dated: May 10, 2005**

ENTER CHARGE NUMBER

**CHARGE OF DISCRIMINATION**

R.I.C.H.R.
MAR 11 2004

X FEPA 04EPD 237-40150
X EEOC 16JA400134

***RHODE ISLAND COMMISSION FOR HUMAN RIGHTS***
***and***
***UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION***

Name: Allyn Reynolds Home Telephone: (401) 828-7045

Address: 1794 New London Turnpike
West Warwick, RI 02893

Named Are The Employers Who Discriminated Against Me:

Fluor Industrial Services, Inc.
D/b/a M&IS Security
One Enterprise Drive #F2B
Aliso Viejo, CA 92698

Louis F. Ward, Individually
494 Shore Acres Avenue
North Kingstown, RI 02852

Number of Employees: approximately 12 employees in Rhode Island
Total number of employees unknown

Telephone Number: Fluor Industrial Services, Inc.: (949) 349-7215
Louis F. Ward: (401) 295-7721

Cause of Discrimination Based on:

____Race ____ Color _X__Sex
____National Origin ____ Age
_X__Retaliation
_X__Other Disability

Date Most Recent or Continuing Discrimination Took Place:

October 3, 2003

The particulars are:

1. On or about July 2, 2003, I was hired by Louis Ward to work for M&IS Security, a division of Fluor Industrial Services, Inc., as a security guard.
2. Fluor Industries, d/b/a M&IS, had a security contract with Clariant Corporation, located at 500 Washington Street, Coventry, Rhode

Island 02816. I was hired for the night shift, at a pay rate of $9.79 per hour. At the time I was hired, Fluor Industries, d/b/a M&IS, had two other female security guards working at the Clariant Corporation site.

3. Prior to hiring me, Louis Ward told me "I want you to call twice a day and ask me in your nicest little voice for this job". I did call him, as I needed the job. If I missed a day, he would get angry. I began calling for this job in March, 2003.

4. During the entire course of my employment, Louis Ward constantly made sexual comments to me, harassed me verbally, and subjected me to a hostile environment on the basis of my gender. For example, he would tell me that I had a "fat ass". He would tell me that I was stupid, and he would comment that my "units" (breasts) were small but maybe they would grow some day. He provided me with uniform shirts that were much too small. When I asked for larger shirts, he laughed at me and told me that I needed larger shirts because he could see my "units", especially when the air conditioning was on. Louis Ward also made me perform duties at work that he did not make the men perform. For example, he would force me to walk with him daily throughout the plant property, which he told me consisted of over 100 acres. He made me walk two steps behind him and to the left because he told me that's where a woman belongs. During the summer, he would go into trailers and leave me out in the hot sun alone for extended periods. None of the male employees were forced to engage in these "walks". He told me that walking would help me get rid of my "fat ass".

5. I suffer from severe arthritis, as well as other medical conditions, which cause the following symptoms and physical limitations: chest pains when climbing stairs or walking long distances; extreme pain in my back, both hips, and both knees; swelling in both knees; and occasional buckling of the knees causing me to fall. Louis Ward knew that I suffered from these medical problems, including severe arthritis, and that these walks affected me so that I could barely move. He would them tell me that if I couldn't do the job then I should get out.

6. When I complained to Louis Ward, he would tell me "I'm going to make your life a living hell".

7. Louis Ward would also tell me stories about what he did in Vietnam, including raping women and slitting their throats.

8. I complained to Louis Ward about his sexist remarks and his stories about Vietnam, as well as his treatment of me. I told him that if he continued, I would speak to John Ward, his supervisor. He then responded that if I ever went over his head for anything, I would be fired. He also reminded me that he assigned overtime. On more than one occasion he told me that if I did not do as I was told, he would make my life a "living hell". He would remind me that I owed him for hiring me and that I would be getting medical benefits. He knew that

medical benefits were important to me, since I suffer from severe arthritis and other physical problems.

9. Louis Ward made sexist and gender-related comments to me, on a daily basis, as well as making such comments about other women in my presence.

10. Louis Ward would also question me about various things regarding the security section of the plant. He did not subject the male employees to these quizzes. If I made a mistake, he would announce in the presence of other employees that I was "dumber than dog shit" and could be replaced at a moment's notice.

11. I was never provided with a security handbook, despite my requests. I was also never provided with an employee handbook.

12. At the end of September, 2003, I complained to Louis Ward that my partner was viewing pornographic sites and violent sexual sites on his computer. The computer screen was in my line of vision unless I turned my back on the control board and desk area. I later found out that Clariant was already investigating the use of the terminal in question for pornographic sites. Louis Ward advised me then that my own job was in jeopardy as a result.

13. As a result of all of the aforementioned, I began suffering from extreme stress, causing physical symptoms, fatigue, inability to sleep, etc. As a result, I became extremely over tired. On or about October 3, 2003, I fell a sleep for approximately five or six minutes. I was terminated one hour later by Louis Ward and John Ward. No prior disciplinary action had been taken against me.

14. I am aware that male employees would routinely sleep while on duty but were not terminated.

15. As a result of the aforementioned discriminatory behavior, and as a result of the hostile work environment which I suffered while I worked for Fluor Industries, d/b/a M&IS Security, I have lost wages and benefits and have suffered extreme emotional distress, including physical symptoms.

16. I was never provided with a procedure for reporting sexual harassment complaints when I went to work for Fluor Industries, Inc., d/b/a M&IS Security. I was also aware that another female security guard had reported Louis Ward's behavior to his superior, John Ward, and that nothing had been done.

17. I am seeking retroactive pay and benefits, reinstatement and/or front pay and benefits, compensatory and punitive damages, attorney's fees and costs, and an order restraining any further threats or harassment.

_X_ I also want this charge filed above with the EEOC. I will advise the my agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Allyn Reynolds

Date: 3-8-04

Charging Party: Allyn Reynolds

(Charge of Discrimination 2-25-04)
Rev. 3/1/04
Rev. 3/5/04

Notary

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

Signature of Claimant
Allyn Reynolds
ALLYN REYNOLDS

Subscribed and sworn to before me in Warwick, Rhode Island, this 8th day of March, 2004.

Donna C. Morris
Notary Public Donna C. Morris
Commission Expires: 3-22-06

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR # 04 EPD 237 EEOC NO. 16JA400134

In the matter of

Allyn Reynolds
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Fluor Industrial Services, Inc. d/b/a M & IS Security and Louis F. Ward, Individually
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

2/7/05 [signature]

Date

Michael D. Évora
Executive Director

*************************************************************************

FEB - 9 2005

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Sandra A. Lanni
Louis F. Ward
Janet L. Burton
M A Stevens, President
National Registered Agents, Inc.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Allyn Reynolds**
**1794 New London Turnpike**
**West Warwick, RI 02893**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00134** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

FEB 10 2005
*(Date Mailed)*

Enclosure(s)

cc: **Fluor Industrial Services, Inc.**
**D/B/A M & I S Security**
**One Enterprise Drive #F 2 B**
**Aliso Viejo, CA 92698**
**North Kingstown, RI 02852**