UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALLYN REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,<br><br>Defendants. | Civil Action No. 05-201T |

**DEFENDANTS' PARTIAL ANSWER TO PLAINTIFF'S COMPLAINT**

1. The allegations set forth in paragraph 1 of the Plaintiff's Complaint contain legal conclusions and a summary of the plaintiff's claims and requests for relief to which the Defendants need not reply. In the event that these allegations are construed to require a response, the Defendants call upon Plaintiff to prove the same.

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Plaintiff's Complaint and, therefore, call upon Plaintiff to prove the same.

3. The Defendants deny that "M&IS Security" is a d/b/a of Fluor Industrial Services, Inc. The Defendants admit that Fluor Industrial Services, Inc. is a Delaware Corporation qualified to do business in Rhode Island as a foreign corporation. Its principal place of business is in Aliso Viejo, California.

4. The Defendants admit that Fluor Industrial Services, Inc. is a subsidiary of Fluor Enterprises, Inc., a California corporation qualified to do business in Rhode Island as a foreign corporation with a principal place of business in California.

5. The Defendants admit that Fluor Industrial Services Inc., f/k/a Maintenance & Industrial Services, Inc. provided security services at the Clariant Corporation pursuant to a Purchase Order. The Defendants deny any and all remaining allegations set forth in paragraph 5 of the Plaintiff's Complaint.
6. The Defendants admit that Fluor Industrial Services Inc., f/k/a Maintenance & Industrial Services, Inc. and Fluor Enterprises, Inc. had more than 50 employees (including more than 4 employees in the State of Rhode Island) from July 2, 2003 to October 3, 2003.
7. The Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.
8. The Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint.
9. The allegations set forth in paragraph 9 of the Plaintiff's Complaint contain legal conclusions to which the Defendants need not reply. In the event that these allegations are construed to require a response, the Defendants call upon Plaintiff to prove the same.
10. The Defendants admit that Louis F. Ward was an employee of Fluor Industrial Services Inc., f/k/a Maintenance & Industrial Services, Inc. The Defendants deny that Louis F. Ward acted as their agent in allegedly discriminating against the Plaintiff on the basis of sex and/or disability. Discrimination and/or retaliation of any kind was not authorized by the Defendants and was not in the scope of Louis F. Ward's employment.
11. The Defendants deny the allegations set forth in paragraph 11 of the Plaintiff's Complaint.

12. Defendant Flour Industrial Services, Inc. admits that it was doing business in the State of Rhode Island at the time relevant to the Plaintiff's Complaint. Defendant Louis F. Ward denies doing business in Rhode Island.

13. The Defendants admit the allegations contained in paragraph 13 of the Plaintiff's Complaint. The Defendants deny the allegations set forth in the Plaintiff's Charge of Discrimination, attached as Exhibit A to the Complaint.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Plaintiff's Complaint and, therefore, call upon Plaintiff to prove the same. Defendants further answer by stating that the Notice of Right to Sue, attached as Exhibit B to the Complaint, is dated February 7, 2005.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Plaintiff's Complaint and, therefore, call upon Plaintiff to prove the same. Defendants further answer by stating that the Notice of Right to Sue, attached as Exhibit C to the Complaint, is dated February 10, 2005.

16. The allegations set forth in paragraph 16 of the Plaintiff's Complaint contain legal conclusions to which the Defendants need not reply. In the event that these allegations are construed to require a response, the Defendants call upon Plaintiff to prove the same.

17. The Defendants admit that Reynolds was hired as a security officer on the premises of Clariant Corporation on or about July 2, 2003. The Defendants deny any and all remaining allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendants deny the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

19. The Defendants deny the allegations set forth in paragraph 19 of the Plaintiff's Complaint.

20. The Defendants deny that Plaintiff notified them that she suffered from severe arthritis or that it substantially limited one or more major life activities. The Defendants admit that the Plaintiff performed the job without any accommodation (or request for an accommodation) and was physically capable of performing the essential duties of her job. The Defendants deny that the Plaintiff satisfactorily performed those duties given, among other things, her involvement in (and failure to report) inappropriate activity on the job, and the fact that she was caught sleeping on the job on October 3, 2003.

21. The Defendants deny the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

22. The Defendants deny the allegations set forth in paragraph 22 of the Plaintiff's Complaint.

23. The Defendants admit that Plaintiff and a male co-worker were caught sleeping on the job on October 3, 2003, and that both were terminated as a result. The Defendants deny that male employees would routinely sleep while on duty. The Defendants deny any and all remaining allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. The Defendants deny the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

25. The Defendants deny the allegations set forth in paragraph 25 of the Plaintiff's Complaint.

26. The Defendants deny the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

27. The Defendants deny the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

**COUNTS I - V**

Counts I – V, paragraphs 28-43, are the subject of Defendants' Partial Motion to Dismiss, which is the Defendants' first responsive pleading. Therefore, no Answer as to these Counts is due at this time.

**COUNT VI**

44. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 43 of Plaintiff's Complaint as if each were set forth here in its entirety.

45. The Defendants deny the allegations set forth in paragraph 45 of the Plaintiff's Complaint.

46. The Defendants deny the allegations set forth in paragraph 46 of the Plaintiff's Complaint.

**COUNT VII**

47. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 46 of Plaintiff's Complaint as if each were set forth here in its entirety.

48. The Defendants deny the allegations set forth in paragraph 48 of the Plaintiff's Complaint.

49. The Defendants deny the allegations set forth in paragraph 49 of the Plaintiff's Complaint.

**COUNTS VIII - IX**

Counts VIII - IX, paragraphs 50-55, are the subject of Defendants' Partial Motion to Dismiss, which is the Defendants' first responsive pleading. Therefore, no Answer as to these Counts is due at this time.

**COUNT X**

56. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 55 of Plaintiff's Complaint as if each were set forth here in its entirety.
57. The Defendants deny the allegations set forth in paragraph 57 of the Plaintiff's Complaint.
58. The Defendants deny the allegations set forth in paragraph 58 of the Plaintiff's Complaint.

**COUNT XI**

59. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 58 of Plaintiff's Complaint as if each were set forth here in its entirety.
60. The Defendants deny the allegations set forth in paragraph 60 of the Plaintiff's Complaint.
61. The Defendants deny the allegations set forth in paragraph 61 of the Plaintiff's Complaint.

**COUNT XII**

Counts XII, paragraphs 62-64, are the subject of Defendants' Partial Motion to Dismiss, which is the Defendants' first responsive pleading. Therefore, no Answer as to these Counts is due at this time.

**COUNT XIII**

65. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 64 of Plaintiff's Complaint as if each were set forth here in its entirety.

66. The Defendants deny the allegations set forth in paragraph 66 of the Plaintiff's Complaint.

67. The Defendants deny the allegations set forth in paragraph 67 of the Plaintiff's Complaint.

**COUNT XIV**

68. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 67 of Plaintiff's Complaint as if each were set forth here in its entirety.

69. The Defendants deny the allegations set forth in paragraph 69 of the Plaintiff's Complaint.

70. The Defendants deny the allegations set forth in paragraph 70 of the Plaintiff's Complaint.

**COUNT XV**

71. The Defendants repeat and reaver fully herein their Answers to paragraphs 1 through 70 of Plaintiff's Complaint as if each were set forth here in its entirety.

72. The Defendants deny the allegations set forth in paragraph 72 of the Plaintiff's Complaint.

73. The Defendants deny the allegations set forth in paragraph 73 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted and, therefore, the Plaintiff's Complaint should be dismissed in its entirety.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support her conclusory allegation that she is disabled or perceived as disabled within the meaning of the Americans with Disabilities Act ("ADA") or the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA").

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not perceived as having a disability and at no time did she put Defendants on notice of her alleged disability. Furthermore, at all times, she appeared physically capable of performing the essential job functions, and never requested any accommodation for her alleged disability.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory business reasons and not based upon her gender, alleged disability or any other discriminatory or retaliatory reason. Plaintiff was treated the same as other male employees, and the male employee who committed similar infractions as the Plaintiff was also terminated by the Defendants. Therefore, the Plaintiff cannot prove a claim for disability or gender discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity and did not put the Defendants on notice of any of her alleged claims of sex discrimination, sexual harassment or disability discrimination at any time prior to her termination. Therefore, as a matter of law, her claims for retaliation must fail.

**SIXTH AFFIRMATIVE DEFENSE**

Even if true, which the Defendants deny, Plaintiff's allegations are not sufficiently severe or pervasive to constitute actionable sexual harassment and they did not alter the terms and conditions of her employment. Therefore, Plaintiff's sexual harassment claims must fail.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff, by her own acts and omissions, is estopped to recover judgment against the Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations and R.I. Gen. Laws ch. 28-5-24.1(a).

**TENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert additional defenses following discovery.

WHEREFORE, the Defendants deny that the plaintiff is entitled to any relief whatsoever as to the Defendants and request that judgment enter on the Defendants' behalf, together with interest and costs.

Date: July 5, 2005

FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLOUR ENTERPRISES, INC., and LOUIS F. WARD, Individually,

By their attorneys,

Mark A. Pogue, Esq. (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Timothy P. Van Dyck, Esq.,
*Pro hac vice pending*
Windy L. Rosebush, Esq.,
*Pro hac vice pending*
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Telecopy (617) 439-4170

**CERTIFICATE OF SERVICE**

I, Mark A. Pogue, Esq., hereby certify that on July 5, 2005, I served the above document upon Sandra A. Lanni, Esq. by mailing a true copy thereof, first class mail, postage prepaid, to 33 College Hill Road, Suite 20 D, Warwick, RI 02886.

Mark A. Pogue, Esq.