UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALLYN REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,<br><br>Defendants. | Civil Action No. 05-201T |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**

Now come the Defendants Fluor Industrial Services, Inc., d/b/a M&IS Security, Fluor Enterprise, Inc. (collectively "Fluor") and Louis F. Ward ("Ward")(collectively the "Defendants") in the above entitled action who hereby move to dismiss *with prejudice*: Count I (sex discrimination against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count II (sex discrimination against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count III (disability discrimination against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count IV (disability discrimination against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count V (disability discrimination against Fluor pursuant to R.I. Gen. Laws § 42-87-1, et. seq.); Count VIII (disability discrimination against Ward pursuant to R.I. Gen. Laws § 42-87-1, et. seq.); Count IX (retaliation against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); and Count XII (retaliation against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.) of Plaintiff's Complaint.

In support of their partial Motion to Dismiss, the Defendants state that the Plaintiff has failed to file these claims within ninety (90) days after the Rhode Island Commission for Human Rights ("RICHR") issued its notice of her right to sue pursuant to R.I. Gen. Laws § 28-5-24.1(a).

Therefore, all of these claims, which are subject to the provisions of § 28-5-24.1(a), should be dismissed with prejudice.[1] The Defendants rely upon, and incorporate herein, their Memorandum in Support.

Date: July 5, 2005

FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,

By their attorneys,

Mark A. Pogue, Esq. (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Timothy P. Van Dyck, Esq.,
*Pro hac vice pending*
Windy L. Rosebush, Esq.,
*Pro hac vice pending*
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Telecopy (617) 439-4170

**CERTIFICATE OF SERVICE**

I, Mark A. Pogue, Esq., hereby certify that on July 5, 2005, I served the above document upon Sandra A. Lanni, Esq. by mailing a true copy thereof, first class mail, postage prepaid, to 33 College Hill Road, Suite 20 D, Warwick, RI 02886.

Mark A. Pogue, Esq.

[1] Assuming the Court allows Defendants' motion, Counts VI, VII, X, XI, XIII, XIV and XV would remain in the case.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALLYN REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,<br><br>Defendants. | Civil Action No. 05-201T |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

Description of the Motion ........ p. 1

Pleadings and Factual Background ........ pp. 2-3

Issues ........ p. 3

Points and Authorities ........ pp. 4-6

Table of Authorities ........ p. 6

**DESCRIPTION OF THE MOTION**

Now come the Defendants Fluor Industrial Services, Inc., d/b/a M&IS Security, Fluor Enterprise, Inc. (collectively "Fluor") and Louis F. Ward ("Ward")(collectively the "Defendants") in the above entitled action who hereby move to dismiss *with prejudice*: Count I (sex discrimination against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count II (sex discrimination against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count III (disability discrimination against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count IV (disability

discrimination against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); Count V (disability discrimination against Fluor pursuant to R.I. Gen. Laws § 42-87-1, et. seq.); Count VIII (disability discrimination against Ward pursuant to R.I. Gen. Laws § 42-87-1, et. seq.); Count IX (retaliation against Fluor pursuant to R.I. Gen. Laws § 28-5-1, et. seq.); and Count XII (retaliation against Ward pursuant to R.I. Gen. Laws § 28-5-1, et. seq.) of Plaintiff's Complaint.

In support of their partial Motion to Dismiss, the Defendants state that the Plaintiff has failed to file these claims within ninety (90) days after the Rhode Island Commission for Human Rights ("RICHR") issued its notice of her right to sue pursuant to R.I. Gen. Laws § 28-5-24.1(a). Therefore, all of these claims, which are subject to the provisions of § 28-5-24.1(a), should be dismissed with prejudice.[1]

**PLEADINGS AND FACTUAL BACKGROUND**

On July 2, 2003, Ward hired the Plaintiff to work as a security officer for Fluor (Complaint, ¶ 17). It is Fluor's position that Plaintiff was terminated for legitimate business reasons, including falling asleep on the job on October 3, 2003. While Plaintiff admits falling asleep on the job (Complaint, ¶ 23), she claims that she was treated differently than her male counterparts (Complaint, ¶ 19), was sexually harassed by Ward (Complaint, ¶¶ 18, 24), and was discriminated against on the basis of her alleged disability (arthritis) (Complaint, ¶¶ 20-21). She also claims that when she complained to Ward about his behavior, "he threatened her job and retaliated against her, both verbally and in the terms and conditions of her employment" (Complaint, ¶ 22).

Plaintiff filed her charge of discrimination with the RICHR on March 11, 2004, which was co-filed with the Equal Employment Opportunity Commission ("EEOC") (Complaint, ¶ 12).

---

[1] Assuming the Court allows Defendants' motion, Counts VI, VII, X, XI, XIII, XIV and XV would remain in the case.

On February 9, 2005, Plaintiff received a Notice of Right to Sue issued by RICHR (Complaint, ¶ 14) pursuant to R.I. Gen. Laws § 28-5-24.1(a). The Notice of Right to Sue was attached to and incorporated by reference into the Plaintiff's Complaint (Complaint, ¶ 14, Exhibit B).[2] The Notice was issued by RICHR on February 7, 2005 (RICHR Notice of Right to Sue, attached hereto as Exhibit A). The Notice unequivocally states:

> This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

(RICHR Notice of Right to Sue, Exh. A)(emphasis in original). Plaintiff's counsel was copied on the Notice of Right to Sue (RICHR Notice of Right to Sue, Exh. A).

Despite the clear language of the Notice of Right to Sue and R.I. Gen. Laws § 28-5-24.1(a), the Plaintiff failed to file her Complaint until May 10, 2005, two days after her right to sue on the state law claims alleged in Counts I-V, VII, IX and XII had expired (Complaint, generally; Docket Report, attached hereto as Exhibit B). Therefore, these Counts should be dismissed with prejudice.

## ISSUES

1. Whether the Plaintiff's state law claims, brought pursuant to R.I. Gen. Laws § 28-5-1, et. seq., the State Fair Employment Practices Act ("FEPA") and R.I. Gen. Laws § 42-87-1, et. seq., the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA"), should be dismissed as a result of Plaintiff's failure to file her civil action within ninety (90) days of the Notice of Right to Sue issued by the RICHR, as required by R.I. Gen. Laws § 28-5-24.1(a)?

---

[2] Because the Notice of Right to Sue is specifically referenced and incorporated into the Plaintiff's Complaint, (¶ 14), the Court can consider it for purposes of Defendants' present Motion to Dismiss. Edwin v. Blenwood Associates, Inc., 9 F. Supp.2d 70, 72 (D.Mass. 1998), quoting Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

## POINTS AND AUTHORITIES

### I. Plaintiff's FEPA Claims (R.I. Gen. Laws § 28-5-1, et. seq.)(Counts I – IV, IX and XII) Should Be Dismissed For Plaintiff's Failure To Timely File Her Civil Action.

When the RICHR grants a plaintiff's request for the right to file suit in court, all proceedings at the Commission are terminated, and plaintiff has the right to commence a civil suit "within ninety (90) days after the granting of the request." R.I. Gen. Laws § 28-5-24.1; RICHR Rule 17.01. In this case, Plaintiff requested the right to sue and it was granted on February 7, 2005. RICHR Notice of Right to Sue, Exh. A.

As the Notice of Right to Sue made abundantly clear to Plaintiff and her counsel, she was required to file suit "**within ninety (90) days** ***from the date of this notice*****: otherwise** ***[her] right to sue is lost.*****"** Id. Despite the clear language of the Notice of Right to Sue and R.I. Gen. Laws § 28-5-24.1, the Plaintiff failed to file her civil action with this Court until May 10, 2005, two day after her sate law claims expired.

Therefore, Plaintiff's state law claims brought pursuant to R.I. Gen. Laws § 28-5-1, et. seq., Counts I – IV, IX and XII, should be dismissed for Plaintiff's failure to timely file her civil suit as required by R.I. Gen. Laws § 28-5-1.

### II. The Requirements of R.I. Gen. Laws § 28-5-24.1(a) Apply To Plaintiff's RICRPDA Claims (R.I. Gen. Laws § 42-87-1, et. seq.)(Counts V and VIII). Therefore, These Claims Should Be Dismissed For Plaintiff's Failure To Timely File Her Civil Action.

The RICHR is charged with enforcing the provisions of R.I. Gen. Laws § 42-87-1, et. seq., the RICRPDA. See R.I. Gen. Laws § 42-87-5(a); Kriegel v. State of Rhode Island, 266 F.Supp.2d 288, 295 (D.R.I. 2003)(the RICHR plays a "crucial role" in enforcing the RICRPDA). The procedural administrative requirements of FEPA, R.I. Gen. Laws § 28-5-1, apply to Plaintiff's RICRPDA claims. See Id. (R.I. Gen. Laws § 42-87-4(a), (b) "plainly betoken the Rhode Island General Assembly's intent to extend the procedural administrative requirements of

FEPA to [RICRPDA]"). A plaintiff with a disability (whose action is otherwise within the RICHR's jurisdiction) may not bring a RICRPDA claim unless it has been presented to the RICHR and the commission has failed to act on the complaint or has issued a final order. R.I. Gen. Laws § 42-87-4(b).

Moreover, the RICRPDA explicitly states that:

> whenever an aggrieved individual ... makes a charge to the commission that any person...corporation or association ... has violated ... any provision of §§ 42-87-1—42-87-4 ... *the provisions of §§ 28-5-13 and 28-5-16—28-5-36, as to the powers, duties and rights of* the commission, its members, hearing examiners, *the complainant*, respondent, interviewer, and the court *shall apply in any proceedings under this section.*

R.I. Gen. Laws § 42-87-5(a)(emphasis added). Therefore, the provisions of R.I. Gen. Laws § 28-5-24.1(a) apply to Plaintiff's RICRPDA claims, and she was required to file those claims in court within 90 days of the Notice of the Right to Sue or forfeit her right to sue. See Kriegel, 266 F.Supp.2d at 295-96 ("it is clear that the legislature intended that FEPA's administrative bulwark, including its one-year statue of limitations, should also apply in actions brought under [RICRPDA]").

As set forth above, the RICHR granted Plaintiff's request for the right to sue on February 7, 2005. Therefore, she was required to file her RICRPDA claims on or before May 8, 2005. However, the Plaintiff did not file until May 10, 2005, two days after her claims expired pursuant to § 28-5-24.1(a). Therefore, Plaintiff's RICRPDA claims (Counts V and VIII) should also be dismissed.

## CONCLUSION

For the reasons set forth above, the Plaintiff's FEPA and RICRPDA claims (Counts I-V, VII, IX and XII) should be dismissed with prejudice as a result of the Plaintiff's failure to file her civil action within 90 days of the Notice of the Right to Sue

as required by R.I. Gen. Laws § 28-5-24.1(a), which is applicable to the FEPA and RICRPDA claims. The claims should be dismissed with prejudice because no amendment to the Complaint can cure the Plaintiff's failure to timely file her civil action, which is fatal to her claims.

**TABLE OF AUTHORITIES**

R.I. Gen. Laws § 28-5-1, et. seq., the State Fair Employment Practices Act ("FEPA")

R.I. Gen. Laws § 42-87-1, et. seq., the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA")

Rhode Island Commission for Human Rights Rule 17.01

Kriegel v. State of Rhode Island, 266 F.Supp.2d 288, 295 (D.R.I. 2003)

Date: July 5, 2005

FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,

By their attorneys,

Mark A. Pogue, Esq. (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Timothy P. Van Dyck, Esq.,
*Pro hac vice pending*
Windy L. Rosebush, Esq.,
*Pro hac vice pending*
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Telecopy (617) 439-4170

**CERTIFICATE OF SERVICE**

I, Mark A. Pogue, Esq., hereby certify that on July 5, 2005, I served the above document upon Sandra A. Lanni, Esq. by mailing a true copy thereof, first class mail, postage prepaid, to 33 College Hill Road, Suite 20 D, Warwick, RI 02886.

Mark A. Pogue, Esq.

FILED



BOS_494302_1/WROSEBUSH

[redacted]

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR # 04 EPD 237 EEOC NO. 16JA400134

In the matter of

Allyn Reynolds
Complainant

Against

**NOTICE OF
RIGHT TO SUE**

Fluor Industrial Services, Inc. d/b/a M & IS
Security and Louis F. Ward, Individually
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

2/7/05 ______________________

Date

Michael D. Évora
Executive Director

*************************************************************************************

FEB - 9 2005