UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLYN REYNOLDS,
Plaintiff

v. Civil Action No. 05-201T

FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually,
Defendants

**PLAINTIFF'S OBJECTION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Now comes the Plaintiff, Allyn Reynolds, in the above-entitled matter, and hereby objects to Defendants' Partial Motion to Dismiss Counts I, II, III, IV, V, VIII, IX, and XII of Plaintiff's complaint with prejudice.

In support of her objection to Defendants' Partial Motion to Dismiss, Plaintiff states that she has timely filed causes of action pursuant to the Rhode Island Fair Employment Practices Act (hereinafter, FEPA), R.I.G.L. §28-5-1 et. seq. and the Rhode Island Act pertaining to Civil Rights of People with Disabilities, R.I.G.L. §42-87-1 et. seq., within ninety (90) days of *receipt* of a Notice of Right to Sue issued by the Rhode Island Commission for Human Rights. In support of her objection, Plaintiff relies upon, and incorporates herein, the enclosed Memorandum of Law.

WHEREFORE, Plaintiff prays that Defendants' Partial Motion to Dismiss be denied.

Plaintiff, Allyn Reynolds,
By and through her Attorney,

Sandra A. Lanni

Sandra A. Lanni, Esquire, #2147
33 College Hill Road, Suite 20D
Warwick, RI 02886
(401) 822-1800 Telephone
(401) 822-1879 Telefax

CERTIFICATION

This is to certify that on the 26th day of July, 2005, a true and accurate copy of the within was sent to:

Mark A. Pogue, Esquire
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy P. Van Dyck, Esquire
Windy L. Rosebush, Esquire
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLYN REYNOLDS, Plaintiff | ) | |
| v. | ) | Civil Action No. 05-201T |
| FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS SECURITY, FLUOR ENTERPRISES, INC., and LOUIS F. WARD, Individually, Defendants | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

Pleadings and Factual Background....p. 1-3

Issues....p. 3

Discussion of Law....p. 3-6

Conclusion....p. 6

Table of Authorities....p. 6-7

**PLEADINGS AND FACTUAL BACKGROUND**

Plaintiff, Allyn Reynolds [hereinafter, Reynolds], was hired on or about July 2, 2003, by Defendant Louis F. Ward [hereinafter, Ward] to work as a security officer for Defendant FLUOR INDUSTRIAL SERVICES, INC., d/b/a M&IS Security. Defendant FLUOR INDUSTRIAL SERVICES, INC. is a division of Defendant Fluor Enterprises, Inc., a California corporation licensed to do business as a foreign corporation in the State of Rhode Island. From the time she was hired by Defendant Ward until the time she was fired on or

about October 3, 2003, Defendant Ward subjected Plaintiff, Reynolds, to daily unwelcome and offensive verbal sexual harassment. Defendant Ward also required Plaintiff, Reynolds, to perform duties at work that were not required of male employees. Further, at the time she was hired, Plaintiff, Reynolds, told Defendant Ward that she suffers from severe arthritis. She did not, however, ask for or need any accommodations in order to perform the essential functions of her position as a security officer. Yet Defendant Ward required Plaintiff, Reynolds, to perform job related duties that were not required of other security officers, knowing that these particular duties exacerbated her physical symptoms and limitations. When Plaintiff, Reynolds, complained to Defendant Ward about his discriminatory treatment of her, and about his offensive sexual comments, he threatened her job and retaliated against her, both verbally and in the terms and conditions of her employment. As a result of the harassment and other discriminatory treatment that Defendant Ward inflicted upon her, Plaintiff, Reynolds, suffered from sleeplessness and became extremely fatigued. Ultimately, she fell asleep on the job for several minutes on or about October 3, 2003, and was summarily fired, despite the fact that other male employees would routinely sleep while on duty.

On or about March 11, 2004, Plaintiff, Reynolds, filed a Charge of Discrimination with the Rhode Island Commission for Human Rights [hereinafter, RICHR], which was co-filed with the Equal Employment Opportunity Commission [hereinafter, EEOC]. On or about February 9, 2005, Plaintiff received a Notice of Right to Sue from the RICHR, and on or about February 12, 2005, she received a Notice of Right to Sue from the EEOC. On May 10, 2005, Plaintiff, Reynolds, filed the within complaint, including causes of action for violation of the Rhode Island Fair Employment Practices Act [hereinafter, FEPA], RIGL §28-5-1 et. seq.; the Rhode Island Act Pertaining to Civil Rights of People with Disabilities, RIGL §42-87-1 et.

seq.; the Rhode Island Civil Rights Act of 1990 [hereinafter, RICRA] RIGL §42-112-1 et. seq.; Title VII of the Civil Rights Act of 1964 [hereinafter, Title VII], 42 U.S.C. §2000e et. seq.; and the Americans with Disabilities Act [hereinafter, ADA], 42 U.S.C §12101 et. seq. It is Plaintiff's causes of action pursuant to FEPA and the Rhode Island Act Pertaining to Civil Rights of People with Disabilities that Defendants seek to dismiss here.

**ISSUES**

WHETHER A CLAIM FILED PURSUANT TO THE RHODE ISLAND ANALOG TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, NAMELY, FEPA, IS TIMELY FILED WITHIN NINETY DAYS OF PLAINTIFF'S RECEIPT OF A NOTICE OF RIGHT TO SUE.

WHETHER A CLAIM FILED PURSUANT TO THE RHODE ISLAND ACT PERTAINING TO PEOPLE WITH DISABILITIES IS LIKEWISE TIMELY FILED WITHIN NINETY DAYS OF PLAINTIFF'S RECEIPT OF A NOTICE OF RIGHT TO SUE.

**DISCUSSION OF LAW**

Plaintiff, Allyn Reynolds', claims under FEPA, the Rhode Island analog to Title VII, as well as her claim under the Rhode Island Act Pertaining to People with Disabilities are both timely filed within ninety (90) days of receipt of a notice of right to sue.

It is well settled that in considering a motion to dismiss, the Court is obligated to "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir., 2005), citing In re Colonial Mortg. Bankers, 324 F.3d 12, 15 (1st Cir.,

2003). It is permissible to grant a motion to dismiss based upon a statute of limitations defense only "when the pleader's allegations leave no doubt that an asserted claim is time-barred." Centro Medico del Turabo, Inc., supra., 406 F.3d at 6, citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir., 1998).

What is most noteworthy about Defendants' Partial Motion to Dismiss is that Defendants have failed to cite even one case in support of their contention that FEPA, unlike Title VII, requires the filing of a complaint within ninety days after the *issuance* of a notice of right to sue, rather than within ninety days of Plaintiff's *receipt* of a notice of right to sue. In fact, not only do Defendants fail to cite any cases in support of their proposed interpretation of Rhode Island law, they ignore in their motion and in their argument both recent Rhode Island Supreme Court and First Circuit Court of Appeals cases that interpret FEPA's statute of limitations consistently with Title VII's analogous provision, that is, that a complainant has ninety days from *receipt* of a notice of right to sue within which to file a complaint.

In general, the Rhode Island Supreme Court has consistently relied upon federal case law interpreting Title VII when interpreting analogous state statutes such as FEPA. As recently as last month, the Rhode Island Supreme Court reaffirmed that it would "remain faithful to federal precedents interpreting federal antidiscrimination statutes, such as Title VII" when interpreting analogous state statutes, namely, FEPA and RICRA. DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13, 21(RI, 2005), citing with approval Newport Shipyard, Inc. v. RICHR, 484 A.2d 893, 898 (RI, 1984). In DeCamp, the Court proceeded to analyze the plaintiff's gender and disability discrimination claims, brought under both FEPA and RICRA, within the framework of a Title VII and ADA analysis, using applicable federal court decisions.

The Rhode Island Supreme Court's reliance upon federal Title VII case law to interpret Rhode Island's analogous employment discrimination statutes is consistent and longstanding. Earlier this year, in analogizing Rhode Island's statutes to Title VII, the Rhode Supreme Court specifically noted, albeit in dicta, that like its federal counterpart, FEPA provides complainants ninety days from *receipt* of a notice of right to sue within which to file a complaint:

> Both the federal and state statutory schemes require that a complainant obtain a right-to-sue letter from the applicable commission prior to filing a complaint for damages. Compare 29 CFR §1614.105(d) (setting forth pre-complaint procedures and conditions for receipt of a right-to-sue letter from the EEOC), with §28-5-24.1(c)(2) [of the RIGL] (giving complainants ninety days from *receipt* of a right-to-sue letter from the RICHR to file suit.)

Plunkett v. State, 869 A.2d 1185, 1191 (RI, 2005), (emphasis added). The Rhode Supreme Court's interpretation of Title VII's statute of limitations is consistent with the decisions of the First Circuit Court of Appeals. See Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir., 2005) (holding that "A Title VII claimant may sue only after the EEOC issues a right-to-sue letter. 42 U.S.C. §2000e-5(f)(1). Once such a letter is *received*, the claimant must file her suit within ninety days.") (emphasis added). See also Black v. Brown University, 555 F.Supp. 880, 882 (D. R.I., 1983).

In fact, the United States Court of Appeals for the First Circuit itself has analogized the procedural and "temporal" requirements of FEPA and Title VII in complete conformity with the Rhode Island Supreme Court's comments in Plunkett, supra.

> The complainant [under FEPA], should he or she choose, may obtain a right-to-sue letter from the Commission and bring suit within ninety days of *receiving* such a letter....[RIGL] §28-5-24.1(a).

Rathbun v. Autozone, Inc., 361 F.3d 62, 68 (1st Cir., 2004) (emphasis added). See also Lipson v. Johnson & Wales University, 1997 WL 576397 (D. R.I., 1997) (within which Magistrate Lovegreen noted the "the RICHR issued a notice of a right to sue which entitled Lipson to commence her action within ninety days of the *receipt* of the notice.") (emphasis added).

Plaintiff, Reynolds, has no quarrel with Defendants' argument that the Rhode Island Act Pertaining to Civil Rights of People with Disabilities subjects claimants to the same limitation period as does FEPA; however, it is clear that the United States Court of Appeals, the Rhode Island Supreme Court, and the District Court of the State of Rhode Island all believe that the limitation period in question, like that in Title VII, allows claimants to bring a court action within ninety days of *receipt* of a notice of right to sue. See Chico Velez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir., 1998). Defendants offer no explanation of why these very recent cases should be ignored. Plaintiff respectfully submits that is appropriate to rely upon them, particularly Plunkett, supra., especially when faced with an interpretation of Rhode Island law. Plaintiff Reynolds' complaint is accordingly timely filed, and Defendants' Partial Motion to Dismiss should be denied.

## CONCLUSION

For all of the above reasons, Defendants' Partial Motion to Dismiss based upon the alleged untimely filing of Plaintiff, Allyn Reynolds', causes of action under FEPA and under the Rhode Island Act Pertaining to Civil Rights of People with Disabilities should be denied.

## TABLE OF AUTHORITIES

R.I.G.L. §28-5-1 et. seq., the Rhode Island Fair Employment Practices Act (FEPA)

R.I.G.L. §42-87-1 et. seq., the Rhode Island Act pertaining to Civil Rights of People with Disabilities

R.I.G.L. §42-112-1 et. seq., the Rhode Island Civil Rights Act of 1990 (RICRA)

R.I.G.L. §42 U.S.C. §2000e et. seq., Title VII of the Civil Rights Act of 1964 (Title VII)

R.I.G.L. §42 U.S.C. §12101 et. seq., the Americans with Disabilities Act (ADA)

Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1 (1st Cir., 2005)

DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13 (RI, 2005)

Plunkett v. State, 869 A.2d 1185 (RI, 2005)

Noviello v. City of Boston, 398 F.3d 76 (1st Cir., 2005)

Black v. Brown University, 555 F.Supp 880 (D. R.I., 1983)

Rathbun v. Autozone, Inc., 361 F 3d 62 (1st Cir., 2004)

Lipson v. Johnson and Wales University, 1997 WL 576397 (D. R.I., 1997)

Chico Velez v. Roche Products, Inc., 139 F.3d 56 (1st Cir., 1998)

Date: July 26, 2005

Plaintiff, Allyn Reynolds,
By and through her Attorney,

Sandra A. Lanni

Sandra A. Lanni, Esquire, #2147
33 College Hill Road, Suite 20D
Warwick, RI 02886
(401) 822-1800 Telephone
(401) 8221-879 Telefax

CERTIFICATION

This is to certify that on the 26th day of July, 2005, a true and accurate copy of the within was sent to:

Mark A. Pogue, Esquire
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy P. Van Dyck, Esquire
Windy L. Rosebush, Esquire
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

Lisa M. Azzo