EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue Boston, MA 02199 617.239.0100 *fax* 617.227.4420 eapdlaw.com

Timothy P. Van Dyck
617.951.2254
*fax* 617.439.4170
tvandyck@eapdlaw.com

September 12, 2006

**VIA ELECTRONIC FILING**

The Honorable Judge Ernest C. Torres
United States District Court
District of Rhode Island
Federal Building & Courthouse
One Exchange Terrace
Providence, RI 02903

ATTN: Ryan Jackson, Deputy Clerk

**Re: Allyn Reynolds v. Fluor Industrial Services, Inc., Civil Action No. 05-201T**

Dear Judge Torres:

In accordance with the Scheduling Order (paragraph 7) issued in this matter, I am writing to request permission to file a motion for summary judgment on behalf of Defendants Fluor Industrial Services, Inc., f/k/a Maintenance and Industrial Services, Inc., Fluor Enterprises, Inc. and Louis F. Ward ("Defendants"). A summary judgment conference is already scheduled in this matter for Friday, September 15, 2006 at 9:00 a.m.

Plaintiff's remaining claims[1] are for: 1) sexual harassment (Count VI, alleged violation of the Civil Rights Act of 1990, R.I.G.L. § 42-112-1, by Fluor; Count X, alleged violation of R.I.G.L. § 42-112-1 by Louis F. Ward; and Count XIII, alleged violation of Title VII, 42 U.S.C. §2000e, et seq. by Fluor); 2) disability discrimination (Count VII, alleged violation of R.I.G.L. § 42-112-1 by Fluor; Count XI, alleged violation of R.I.G.L. § 42-112-1 by Louis F. Ward; and Count XIV, alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 1210, et seq.); and 3) retaliation (Count XV, alleged retaliation by Fluor in violation of Title VII). Based upon the undisputed facts established through discovery, and as set forth below, Defendants believe that each of the remaining Counts of the Plaintiff's Complaint should be disposed of by way of Defendants' Motion for Summary Judgment.

Pursuant to the Pretrial Order, we have conferred with Plaintiff's counsel, Attorney Sandra Lanni, regarding the Defendants' intent to file a motion for summary judgment. We have also requested that Plaintiff voluntarily dismiss the disability discrimination and retaliation claims for lack of evidence. In addition, the parties have agreed to mediate this case and, with the court's

[1] This Court previously dismissed Counts I-V, VIII, IX and XII of the Plaintiff's Complaint in response to Defendants' Motion to Dismiss.

permission, we request that the parties be given sufficient time to mediate prior to the filing of any dispositive motion.

Should this matter fail to settle at mediation, Defendants request permission to file a Motion for Summary Judgment on the following grounds:

**Sexual Harassment/Sex Discrimination Claims**

There is no evidence that Plaintiff was treated differently than her male co-workers because of her sex. Plaintiff worked for Fluor from July 2003 to October 2003 as a security guard at the Clariant facility in Coventry, Rhode Island. It is undisputed that she was paid a greater hourly wage than her male co-worker. Moreover, it is undisputed that Plaintiff and her male co-worker were caught sleeping on the job in October 2003, and were subjected to the identical employment action (termination) as a result of their violation of the clearly defined policy against sleeping on the job.

In addition, the Plaintiff cannot proffer sufficient evidence to make out a sexual harassment claim against Louis Ward, individually, or against Fluor. Even if everything the Plaintiff claims regarding her alleged mistreatment by Louis Ward is true, she fails to make out a claim for sexual harassment because the Plaintiff cannot demonstrate that she was subjected to pervasive sexual harassment which altered the terms and conditions of her employment.

Plaintiff knew Louis Ward for more than ten (10) years socially before she was hired to work at Fluor. She was also aware that he would be her supervisor when she went to work at Fluor. While she claims that Louis Ward was verbally abusive to her in a social setting, she nonetheless used Louis Ward as a reference and took the job to work as his subordinate. Plaintiff alleges that during that period of time she worked at Fluor (July 2003 to October 2003), Louis Ward made sexually based comments in the workplace, which were similar to those he allegedly had made for years in social settings.

However, even assuming that the Plaintiff's allegations are credible, Plaintiff has conceded that, at most, Plaintiff worked on only thirteen (13) training shifts (6 a.m. to 2 p.m.) with Louis Ward when she was first hired in July 2003. Thereafter, it is undisputed that Plaintiff and Louis Ward did not work together on the same shift, and at most, would see each other during the change of shift (often in the presence of other security guards) for a half an hour three times a week for the remainder of July 2003 through her termination in early October 2003. As such, Plaintiff cannot demonstrate that the alleged conduct, even if true, was pervasive or ongoing within the meaning of Title VII or the Civil Rights Act of 1990. Moreover, Plaintiff has failed to identify how Louis Ward's alleged mistreatment - in the limited time it could have occurred - altered the terms or conditions of her employment.

**Disability Discrimination Claims**

Defendants are also entitled to summary judgment on the Plaintiff's disability discrimination claims. It is undisputed that: 1) Plaintiff was capable of performing the essential functions of the job as a security guard during the time that she worked for Fluor (July – early October 2003); 2) Plaintiff never requested (or required) a reasonable accommodation to perform the essential functions of the job; 3) Plaintiff never told the Site Manager, John Ward (no relation to Louis Ward), that she had a disability; 4) Plaintiff and a non-disabled co-worker were caught sleeping on the job in October 2003 and were terminated immediately by John Ward as a result; 5) Plaintiff admits that at least as of October 29, 2003, she began the process of seeking total and permanent disability benefits from the Social Security Administration and was no longer capable of working due to progressive arthritis, back problems, asthma and psychological disorders; and 6) Plaintiff admits that she is not a qualified person with a disability within the meaning of the Americans with Disabilities Act because she can no longer perform the essential functions of the security guard position.

**Retaliation Claims**

All claims for retaliation against Louis F. Ward have been dismissed. Fluor is entitled to summary judgment on the Plaintiff's remaining retaliation claim (under Title VII) because it is undisputed that: 1) Plaintiff failed to report the alleged harassment by Louis F. Ward to John Ward or to anyone else with supervisory authority over Louis Ward at Fluor; 2) Plaintiff admits that her first complaint/report of alleged discrimination by Louis Ward was the Charge of Discrimination filed at the Rhode Island Commission for Human rights, several months after her termination; 3) Plaintiff was terminated along with a non-disabled, male co-worker for a legitimate, non-discriminatory reason (they were caught sleeping on their shift as security guards); 4) she was terminated by John Ward, against whom there is no allegation of harassment or discrimination; and 5) John Ward was not aware of the Plaintiff's allegations of harassment or disability discrimination at the time he terminated the Plaintiff for sleeping on the job.

Thank you for your attention to this request.

Respectfully submitted,

/s/ Timothy P. Van Dyck

cc: Sandra Lanni, Esq. (via electronic filing)